UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

POLLAFKO, INC., JOEL LEFKOWITZ, and JOEL POLLAK,

Plaintiffs,

-against-

OKULOS COMÉRCIO VAREJISTA DE PRODUTOS ÓPTICOS LTDA, a/k/a OKULOS LTD., ÓTICA LENTES DE GRAU COMÉRCIO VAREJISTA DE PRODUTOS ÓPTICOS EIRELI a/k/a OKULOS II, LTD., and MARCIO ZUKIN,

Defendants.

Civ Action No.: 1:22-cv-05497

**COMPLAINT**

Plaintiffs Pollafko, Inc. ("Pollafko") Joel Lefkowitz ("Lefkowitz") and Joel Pollak ("Pollak" collectively, "Plaintiffs"), complaining of defendants Okulos Comercio Varejista De Produtos Opticos LTDA, a/k/a Okulos Ltd. ("Okulos"), Ótica Lentes de Grau Comércio Varejista de Produtos Ópticos Eireli, a/k/a Okulos II, Ltd. ("Okulos II", collectively, the "Okulos Defendants" or the "Company") and Marcio Zukin ("Zukin", collectively "Defendants") alleges and states as follows:

1. This is an action for breach of contract, unjust enrichment, breach of fiduciary duty, and fraud. Pollafko and Okulos entered into an agreement dated March 23, 2022 (the "Agreement") for the sale of 70% of the assets and shares of the Okulos Defendants from Zukin to Pollafko. The causes of action arose out of Defendants' refusal transfer the assets from Okulos, an online eyeglass business in Brazil, to Okulos II and to issue shares from Okulos II to Plaintiffs as required by the Agreement, though Plaintiffs had paid Zukin and invested in the Company the sum of at least $360,000, as well Zukin's false and misleading financial statements to induce Pollafko to engage in the Agreement before and after the closing.

## PARTIES

2. Plaintiff Lefkowitz is an individual residing in the State of New York, Kings County. Lefkowitz is engaged in the distribution of eyeglasses in the United States.
3. Plaintiff Pollack is an individual residing in the State of New York, Kings County.
4. Plaintiff Pollafko is a business corporation organized under the law of the State of New York that maintains its principal office in the State of New York, Kings County. Pollafko is an investment vehicle and is owned by Plaintiffs Lefkowitz and Pollak.
5. Defendant Okulos is a Brazilian limited liability company without authority to do business in New York, and is a distributor of eyeglasses.
6. Defendant Okulos II is a Brazilian limited liability company without authority to do business in New York.
7. Defendant Zukin is a citizen of Brazil and a resident of Rio De Janeiro.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of the State of New York and a citizen of a foreign country and the amount in controversy exceeds $75,000.
9. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## STATEMENT OF FACTS

**The Asset Purchase Agreement**

10. On or about March 23, 2022, Plaintiffs and Defendants entered into an agreement where Zukin would sell seventy percent (70%) interest in defendants Okulos and Okulos II (together the "Company") to Pollafko for two hundred thousand dollars ($200,000) (the "Purchase Price") (the "Agreement"), Exhibit A.

11. Included as Exhibit A to the Agreement, Defendants were required to provide copies of Okulos' 2021 profit and loss statement (the "2021 P&L"), Exhibit C, and 2020 balance sheet (the "2020 Balance Sheet"), Exhibit D (together the "Financial Statements").

12. The Agreement states that upon payment of the Purchase Price, Pollafko would become a 70% owner of the Company, Agreement at ¶2.

13. The Agreement further states that the Agreement would be governed by New York law, Agreement at ¶13.

14. The Agreement was signed by Zukin in his personal capacity and on behalf of Okulos and Okulos II, and by Joel Lefkowitz and Joel Pollak signed as managers of Pollafko.

15. On March 28, 2022, Pollafko paid Zukin $200,000 by wire to his US Charles Schwab account, as required by the agreement. The transfer of funds to Zukin's bank account was in two separate wires:

    a. On March 28, 2022, Plaintiffs wired a payment in the amount of $150,000, to Marcio Zukin, account at Charles Schwab Bank, SSB ABA, account ending in 1937, Exhibit E.

    b. On March 28, 2022, Plaintiffs sent an additional payment in the amount of $50,000, to Marcio Zukin, account at Charles Schwab Bank, SSB ABA, account ending in 1937, Exhibit F.

16. After closing, Pollafko invested additional funds in to Okulos in the amount of at least $160,000:

    a. On May 26, 2022, Plaintiffs sent a payment of $10,000, from Healthy Eyes, Inc., an affiliate of Pollafko, to Zukin, Exhibit G.

b. On June 8, 2022, Plaintiffs sent a payment in the amount of $14,000, to Zukin, Exhibit H.

c. On June 27, 2022, Plaintiffs sent a payment of $41,000, to Zukin, Exhibit I.

d. On July 1, 2022, Plaintiffs sent a payment in the amount of $5,000 to Zukin, Exhibit J.

e. On July 7, 2022, Plaintiffs sent a payment in the amount of $10,000, to Zukin, Exhibit K.

17. Additionally, Plaintiffs invested another $80,000 for payroll and other expenses into the Okulos Defendants. In total, Plaintiffs paid Defendants more than $360,000 to Defendants for the purchase of the Okulos Defendants' assets and shares.

**Zukin's Refusal to Transfer Okulos' Assets to Okulos II**

18. Following the signing of the Agreement, Pollafko reached out to Zukin and requested that Zukin transfer Okulos' assets to Okulos II and that shares in the new company can be issued on a 70/30 basis per the Agreement. However, Defendants refused to transfer the assets of Okulos to Okulos II or issue any shares to Pollafko as required by the Agreement without good cause.

19. Despite Pollafko's payment of the $200,000 purchase price and investment of an additional $160,000, Pollafko has yet to receive the shares it is entitled to in the parties' joint company.

**Zukin's Misstatements of Okulos' Financial Reports**

20. The monthly financial statements provided to Pollafko after closing were reviewed by Pollafko's Chief Financial Officer, Fishy Salamon ("Salamon") and revealed that the closing Financial Statements overstated net income of Okulos materially.

21. Prior to closing, Zukin delivered to Lefkowitz 2021 sales income statement (the "2021 P&L Statement") which showed net profits of $524,000 for 2021, Exhibit C. In addition, Zukin provided the 2020 balance sheet, which showed accounts receivables of $294,000, Exhibit B.

22. The 2022 Balance Sheet showed accounts receivable of $386,000, Exhibit D (referenced above). However, Salamon now having access to internal company information looked at a spreadsheet of receivables owed by the Company's vendors and it showed receivables of only $135,000 in US dollars, Exhibit L. When confronted, Zukin's CFO Julienne Dias admitted that in fact ordered but unshipped goods were treated as receivables, contrary to proper accounting principles, Exhibit M. At that point Lefkowitz realized that the receivables item in the preclosing 2020 Balance Sheet had been inflated by three times.

23. In the March 2022 P&L, Zukin represented Okulos' March 2022 sales at $113,229, and a net profit of $35,135, Exhibit N, however, Salamon's investigation on behalf of Plaintiffs uncovered revealing that Okulos' sales in were only $95,466.86 with a net profit of only $17,000, Exhibit O, about 50% less than originally reported. Zukin did not deny that profits were originally overstated.

24. In the May 2022 P&L, Zukin represented Okulos' May 2022 sales at $285,731, Exhibit P, against cost of goods of $98,000 and taxes of $21,000 (and other expenses) and net profit of $74,881.58. However, later discovered that Okulos' cost of goods was really $139,000 (40% more than reported), taxes were really $33,000 (a 57% increase) with a net profit of about $20,000, Exhibit O, nearly 75% less than originally reported.

25. Pollafko had discovered that Defendants had used the Financial Statements to intentionally inflate the value of Okulos in order to deceive Plaintiffs and to induce them to invest additional money.

26. In addition, by observing post-closing sales patterns, Salamon detected that receivables in the closing Balance Sheet were overstated in Okulos' books. In fact, Zukin admitted to Salamon that Okulos was booking sales upon receiving orders, before goods were shipped, significantly inflated assets. Zukin admitted that the balance sheet delivered to Pollafko prior to closing included similarly inflated receivables.

27. Upon learning that the March – May 2022 were systematically overstating profits due to understating cost of goods sold, taxes and sales commissions, Pollafko learned that the 2021 P&L, were similarly overstated due to improper accounting.

28. In light of the false and misleading financial statements, Zukin's refusal to transfer Okulos' assets to Okulos II and issue its shares to Pollafko is all the more outrageous. Accordingly, Plaintiffs demanded the return of their funds, but Zukin has refused.

**FIRST CAUSE OF ACTION**
**Breach of Contract**

29. Plaintiff repeats and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

30. Plaintiffs and Defendants entered into a legally binding Agreement for the sale of 70% of defendant Okulos II from Zukin to Plaintiffs.

31. Plaintiffs performed all their duties and obligations pursuant to the Agreement and paid $200,000 plus an additional $160,000 over time, to Defendants as required by the Agreement.

32. Defendants breached their contract with Plaintiffs and refused to transfer Okulos' assets to Okulos II and to transmit the shares of Okulos II to Plaintiffs as required by the Agreement, though duly demanded.

33. As a result of Defendants' behavior, Plaintiffs have been damaged in the amount of at least $360,000.

**SECOND CAUSE OF ACTION**
**Unjust Enrichment**

34. Plaintiff repeats and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

35. Defendants were unjustly enriched by payments from Plaintiffs at the expense of Plaintiffs in the amount of at least $360,000.

36. It is against equity and good conscience to permit Defendants to retain the funds paid by Plaintiffs to Defendants.

37. Therefore, the Court should order Defendants to return Plaintiffs funds in the amount of at least $360,000.

**THIRD CAUSE OF ACTION**
**Breach of Fiduciary Duty**

38. Plaintiff repeats and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

39. Defendants entered into a partnership agreement with Plaintiffs and thus owed a fiduciary duty to Plaintiffs and was obligated to exercise the utmost good faith and undivided loyalty toward Plaintiffs.

40. Defendants breached their fiduciary duty owed to Plaintiffs and caused damages to Plaintiffs in the amount of at least $360,000.

**FOURTH CAUSE OF ACTION**
**Fraud**

41. Plaintiff repeats and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

42. Defendants made numerous materially false statements to Plaintiffs in order to deceive Plaintiffs and to induce them into purchasing Okulos' assets.

43. Defendants provided false numbers on the P&L Statements the falsely misrepresented the true financial position of defendant Okulos in order to induce Plaintiffs to enter into the Agreement with Defendants for the purchase of Okulos.

44. Plaintiffs relied on Defendants' fraudulent statements without knowledge of its falsity and as a result was induced to purchase 70% of defendant Okulos in the amount of at least $360,000.

45. As a result of Defendants' fraudulent misrepresentations, Plaintiffs were damaged in the amount of at least $360,000.

**WHEREFORE**, Plaintiffs, respectfully request that this Court enter a judgment against Defendants in the amount of $360,000 or for an amount to be determined at trial, with interest, attorneys' fees, and costs; and such other and further relief as this Court may deem just and proper.

Dated: September 14, 2022

**Bronstein, Gewirtz & Grossman, LLC**
*Attorneys for Plaintiffs*

By: */s/ Peretz Bronstein*
Peretz Bronstein
Mendy Katzman
60 East 42nd Street, Suite 4600
New York, New York 10165
917.697.8209
peretz@bgandg.com

VERIFICATION

JOEL LEFKOWITZ, hereby declares under the penalty of perjury under the laws of the United States:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

________________________

JOEL LEFKOWITZ

VERIFICATION

JOEL LEFKOWITZ, hereby declares under the penalty of perjury under the laws of the United States:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

JOEL LEFKOWITZ